UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEANDRIS DREW,

    Plaintiff,

v.                                             Case No. 8:17-cv-1886-T-AEP

NANCY A. BERRYHILL,
Deputy Commissioner of Operations
performing the duties and functions
not reserved to the Commissioner of
Social Security,

    Defendant.
_____/

## **ORDER**

Plaintiff seeks judicial review of the denial of his claim for Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

**A.    Procedural Background**

Plaintiff filed an application for SSI (Tr. 202-10). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 120-22, 128-32). Plaintiff then requested an administrative hearing (Tr. 133-35). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 40-68). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 17-36). Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-6, 190-91). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**B.     Factual Background and the ALJ's Decision**

Plaintiff, who was born in 1966, claimed disability beginning January 1, 2013 (Tr. 202). Plaintiff obtained a high school education (Tr. 232). Plaintiff's past relevant work experience included work as a prep cook, grill cook, and dishwasher/kitchen helper (Tr. 62). Plaintiff alleged disability due to trauma on the left side of his body and pins in his right finger (Tr. 231).

In rendering the administrative decision, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since March 7, 2014, the application date (Tr. 22). After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: status-post left extremity fibular fracture, depression, and substance abuse (reported in remission) (Tr. 22). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 22). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work, with the following limitations: Plaintiff could occasionally lift 20 pounds and 10 pounds frequently; could stand and/or walk for 6 hours per 8-hour workday; could sit for 6 hours per 8-hour workday with normal breaks; could occasionally perform all postural limitations, including climbing of ladders, ropes, scaffolds, ramps, and stairs; could occasionally balance, stoop, crouch, kneel, and crawl; was unable to use his left arm; could only perform work considered unskilled with a SVP of 1 or 2; was limited to work that is simple, routine, and repetitive; and was limited to occasional interaction with the public (Tr. 25). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's

2

statements as to the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 26).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could not perform his past relevant work (Tr. 29). Given Plaintiff's background and RFC, the VE testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a produce inspector, mail room clerk, and equipment tender (Tr. 30). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled (Tr. 31).

## II.

To be entitled to benefits, a claimant must be disabled, meaning the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: whether the claimant is currently engaged in substantial gainful

activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 416.920(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct

legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002)(*per curiam*).

## III.

Plaintiff alleges that the ALJ erred by (1) improperly evaluating Plaintiff's subjective complaints; (2) posing an incomplete hypothetical to the VE; and (3) finding that there are a significant number of jobs available in the national economy for the Plaintiff to perform. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

### A. Subjective Complaints

Plaintiff first argues that the ALJ erred by failing to properly consider his subjective complaints regarding the reduced ability to use his right hand. The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints. As the Court of Appeals explained in *Landry v. Heckler*, the pain standard "require[s] evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain [or symptoms] arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain [or symptoms]." 782 F.2d 1551, 1553 (11th Cir. 1986) (per curiam); *see Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam) (holding that the pain standard also applies to complaints of subjective conditions other than pain); *see also* 20 C.F.R. §§ 404.1529(a), 416.929(a) ("[T]here must be medical signs and laboratory findings which show that you have a medical impairment(s) which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all of the other evidence . . . would lead to a conclusion that you are disabled.").

If the ALJ discounts Plaintiff's testimony concerning subjective complaints after finding a medically determinable impairment that could reasonably be expected to produce the claimant's pain or other symptoms, he must "articulate explicit and adequate reasons" for doing so. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) (quoting *Foote* lain *v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995) (per curiam)).[35] The reasons given for discrediting pain testimony must be based on substantial evidence. *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992) (per curiam); *Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). In evaluating credibility, the ALJ must consider objective medical evidence and other evidence such as a claimant's daily activities, the location, duration, frequency, and intensity of a claimant's pain or other symptoms, and precipitating and aggravating factors. 20 C.F.R. §§ 404.1529(c), 416.929(c). A reviewing court will not disturb a clearly articulated credibility finding regarding a claimant's subjective complaints supported by substantial evidence in the record. *Foote v. Chater,* 67 F.3d 1553, 1562 (11th Cir. 1995) (*per curiam*)(citation omitted).

Here, the ALJ correctly determined that Plaintiff's subjective complaints about the severity of the pain in his right hand were not substantiated by objective medical evidence (Tr. 29). Plaintiff's complaints about the pain in his right hand varied greatly, and there is no objective medical evidence to support Plaintiff's statements at the hearing regarding limited use of his right hand (Tr. 27). Plaintiff's alleged right-hand limitations stem from an incident in January of 2014 when Plaintiff fractured his right middle finger after slamming a car door on it (Tr. 695). On January 21, 2014, Plaintiff was examined by an advanced nurse practitioner, Nehelia C. Clarke, at Tampa Family Health (Tr. 697). During the examination, Ms. Clarke noted tenderness of the middle finger and that movement of the finger elicited pain (Tr. 697).

---

[35] This is the second step in a two-step process in considering a claimant's symptoms. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c) (evaluating the intensity and persistence of symptoms in light of all evidence to determine the capacity to work).

6

Ms. Clarke ordered an x-ray for Plaintiff that indicated a "fracture of base of right-hand metacarpal bone" (Tr. 689, 694). Consequently, Ms. Clarke referred Plaintiff to a hand surgeon (Tr. 692). In late March, Plaintiff had surgery performed on his right hand to repair the metacarpal fracture (Tr. 688). On April 2, 2014, Dr. Charles Lebowitz performed a consultative physical examination and noted that Plaintiff had a pin in the first finger of his right hand and a bony mass in the thenar eminence of the right hand (Tr. 592-95). However, Dr. Lebowitz found that Plaintiff's grip strength in the right hand was normal, digital dexterity in the right hand was not impaired, and tests for carpal tunnel syndrome were negative (Tr. 594).

After this initial consultative appointment, many medical practitioners noted similar findings regarding the functioning of Plaintiff's right hand. For instance, in July of 2012, Dr. Brian Pulling noted limitations with Plaintiff's left arm but noted "[r]ight hand and arm no limitations" (Tr. 80). Then, Dr. Anne-Marie Bercik confirmed Dr. Pulling's findings when she performed a consultative examination of Plaintiff in June of 2014, suggesting Plaintiff's hand surgery was successful in treating the underlying pain (Tr. 104). Finally, Dr. Bercik noted that Plaintiff had 3/5 grip strength in his left hand, but normal grip strength in his right hand and that tests for carpal tunnel were negative (Tr. 102).

Notably, Plaintiff failed to mention any pain in his right hand during multiple pain questionnaires and medical examinations (Tr. 255, 299, 313). In a Florida Health Supplemental Pain Questionnaire completed at the end of March of 2014, Plaintiff was asked to describe his pain symptoms and wrote "pain effects entire left arm", with no mention of pain in or limitation of his right arm (Tr. 255). In April of 2014, Dr. Lebowitz listed Plaintiff's chief medical complaints as "disability in his left arm" and "auditory hallucinations" and noted no complaints about Plaintiff's right hand (Tr. 592). Dr. Lebowitz's physical examination findings of Plaintiff are consistent with Dr. Pulling and Dr. Bercik's findings (Tr. 594). Dr. Lebowitz noted that

Plaintiff's grip strength was normal in the right hand and 3/5 in the left hand, digital dexterity was not impaired in right hand and is 3/5 in the left hand, and that tests for carpal tunnel syndrome were all negative (Tr. 594). Dr. Lebowitz also noted that reflex testing in both upper and lower limbs were within normal limits and that all neurologic functioning was within normal limits (Tr. 594). Further, Plaintiff sought treatment from Naphcare Medical Department in July, 2015 and listed his medical complaint as "much pain on my left wrist and lower part of my back" (Tr. 619). Plaintiff's absence of complaints is consistent with the other parts of the record and the medical evidence regarding the success of the surgery on his right hand. Further, Tampa Family Health Centers examined Plaintiff's right hand in December of 2015 and noted the bony mass in the finger, but said it was not tender and that no pain was elicited by motion (Tr. 666).

Significantly, during Plaintiff's administrative hearing, the ALJ asked Plaintiff if he had any problems with his right arm and Plaintiff answered "[n]one, just, like, a tingling sensation. That's it." (Tr. 48). As such, the ALJ properly considered Plaintiff's subjective complaints regarding his reduced ability to use his right hand, and reasonably concluded that Plaintiff's complaint of a right-hand limitation was not entirely consistent with medical evidence in the record (Tr. 26-27). In explaining his decision to discredit Plaintiff's subjective testimony, the ALJ noted the Plaintiff's allegations were not fully reliable because they are not consistent with the medical evidence, the gaps in treatment suggest Plaintiff's condition may not be as debilitating as claimed, and the record does not contain any medical opinions indicating Plaintiff is disabled or has physical limitations beyond what was determined in the RFC (Tr. 26-27). Thus, the ALJ properly evaluated and rejected Plaintiff's subjective complaints.

**B.     VE**

Next, Plaintiff contends that the ALJ erred by posing an incomplete hypothetical to the VE. At step five, the Commissioner must consider the assessment of the RFC combined with the claimant's age, education, and work experience to determine whether the claimant can make an adjustment to other work. *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work, a finding of not disabled is warranted. *Phillips*, 357 F.3d at 1239. Conversely, if the claimant cannot make an adjustment to other work, a finding of disabled is warranted. *Id.* At this step, the burden temporarily shifts to the Commissioner to show other jobs exist in significant numbers in the national economy which, given the claimant's impairments, the claimant can perform. *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999) (citation omitted); *see Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). "The ALJ must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson*, 284 F.3d at 1227 (citation omitted).

There are two avenues by which an ALJ may determine a claimant's ability to adjust to other work in the national economy; namely, by applying the Medical Vocational Guidelines ("Grids") and by the use of a VE. *Phillips*, 357 F.3d at 1239-40. Typically, where the claimant cannot perform a full range of work at a given level of exertion or where the claimant has non-exertional impairments that significantly limit basic work skills, the preferred method of demonstrating the claimant can perform other jobs is through the testimony of a VE. *Jones*, 190 F.3d at 1229. For a VE's testimony to constitute substantial evidence, however, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments. Wilson, 284 F.3d at 1227; *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999) (citation omitted) ("[i]n order for a VE's testimony to constitute substantial evidence, the ALJ must pose a hypothetical

9

question which comprises all of the claimant's impairments.") Further, "SSR 00-4p imposes a duty on ALJs to identify and resolve apparent conflicts between DOT data and VE testimony, and this duty is not fulfilled simply by taking the VE at his word that his testimony comports with the DOT when the record reveals an apparent conflict between the VE's testimony and the DOT". *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1362 (11th Cir. 2018). If the ALJ fails to fulfill this duty, the decision is not supported by substantial evidence. *Id.*

Plaintiff contends that the ALJ posed an improper hypothetical to the VE and that the ALJ erred in relying on the VE's testimony because the hypothetical did not include a limitation with respect to Plaintiff's right upper extremity. However, an ALJ is not required to include findings in the hypothetical that the ALJ found to be unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). The hypothetical posed to the VE must include all of the Plaintiff's impairments, not each and every symptom of the claimant. *Ingram v. Comm'r of Soc. Sec. Admin.,* 496 F.3d 1253, 1270 (11th Cir. 2007); *Jones*, 190 F.3d at 1229. Because Plaintiff's medically-determinable severe impairments were limited to depression, substance abuse, and status-post left extremity fibular fracture, and did not include an objectively-verified right arm impairment, the hypothetical the ALJ posed to the VE was appropriate (Tr. 22). *See, e.g.*, *Rhim v. Astrue*, No. 3:07- cv-122-J-MCR, 2008 WL 818541, at *7 (M.D. Fla. Mar. 25, 2008) (finding that because plaintiff failed to present sufficient evidence that her foot problems affected her ability to work, "the ALJ did not err when he failed to restrict her ability to stand or walk when he posed hypothetical questions to the VE"). Further, as previously stated, the RFC is supported by substantial evidence and the ALJ included all the limitations supported by the RFC in the hypothetical to the VE. Thus, because the ALJ posed a hypothetical to the VE that comprised all of the Plaintiff's impairments, the VE's testimony constitutes substantial evidence.

### a. Other Jobs

Finally, Plaintiff contends that the ALJ erred because there is an apparent inconsistency between the number of equipment tender jobs available in the national economy for the Plaintiff to perform and the number that the VE testified to. Specifically, Plaintiff argues that the VE identified 50,000 equipment tender jobs, representing an already *reduced* number upon considering Plaintiff's left arm impairment, but that the number is still unreliable as it is grossly overinclusive. In other words, Plaintiff does not argue that there are no equipment tender jobs available, but that there are significantly less available. Nevertheless, an ALJ may properly rely on an "approximate percentage" of jobs that the VE testifies to. *Bryant v. Comm'r of Soc. Sec.*, 451 F. App'x 838, 839 (11th Cir. 2012). Further, the Eleventh Circuit has "never held a minimum numerical count of jobs must be identified in order to constitute work that 'exists in significant number' under the statute and regulations . . . however . . . the 'appropriate focus under the regulation is the national economy.'" *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 934–35 (11th Cir. 2015) (quoting *Allen v. Bowen,* 816 F.2d 600, 603 (11th Cir.1987)). Thus, while the ALJ bears the burden to identify jobs in the national economy that a plaintiff can perform, the ALJ need not identify a *certain number* of jobs for its decision to be supported by substantial evidence. *Id.* (finding that *3,200* jobs in the national economy is a significant number of jobs and that the ALJ's decision was supported by substantial evidence) (emphasis added); *Brooks v. Barnhart*, 133 F. App'x 669, 670-71 (11th Cir. 2005) (holding that "*840* polisher, document preparer, and bonder jobs" available in the national economy constitutes a significant numbers of jobs and thus, the ALJ's decision is supported by substantial evidence) (emphasis added).

Even assuming *arguendo* that there was an inconsistency that the ALJ should have identified and resolved, the Court finds the ALJ's error harmless. Though the VE may have

identified a grossly overinclusive number of equipment tender jobs, Plaintiff explicitly posits that he raises no objections to the other two jobs identified by the VE existing in significant numbers in the national economy available for the Plaintiff to perform, namely, agricultural sorter and mailroom clerk jobs. Thus, reversing and remanding this case would result in the same determination—a finding that the Plaintiff is not disabled. *Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 (11th Cir. 2013) (declining to remand "for express findings when doing so would be a 'wasteful corrective exercise' in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision"). Given that the ALJ identified work available in significant numbers in the national economy that the Plaintiff can perform, the Court finds that there is substantial evidence to support the ALJ's finding of not disabled. Accordingly, for the foregoing reasons, the ALJ applied the correct legal standards, and the ALJ's decision is supported by substantial evidence.

**IV.**

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is AFFIRMED.

2. The Clerk is directed to enter final judgment in favor of the Commissioner and close the case.

DONE AND ORDERED in Tampa, Florida, on this 27th day of March, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record